IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARL LEE RICHARDSON,

                            Petitioner,

    v.

LOUIS WILLIAMS, II,

                            Respondent.

OPINION & ORDER

17-cv-683-jdp

---

       Pro se petitioner Carl Lee Richardson is a prisoner in the custody of the Federal Bureau of Prisons (BOP) currently housed at the Federal Correctional Institution in Oxford, Wisconsin (FCI-Oxford). He is serving a sentence for a 2007 conviction for being a felon in possession of a firearm. Richardson has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction and sentence on multiple grounds.

       The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] Under Rule 4, I will dismiss the petition only if it plainly appears that Richardson is not entitled to relief. As discussed below, Richardson is not entitled to the relief he seeks, so I will dismiss the petition.

ALLEGATIONS OF FACT

       I draw the following facts from Richardson's petition, Dkt. 1, and publicly available case records.

---

[1] Courts may apply this rule to habeas petitions not brought pursuant to 28 U.S.C. § 2254, including § 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases; *see also* § 2243.

Following a 2007 jury trial, Richardson was found guilty of one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) in the United States District Court for the District of Minnesota. He was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924, which imposes a mandatory minimum 15-year sentence of imprisonment on defendants convicted of being a felon in possession of a firearm who have three or more previous convictions for a violent felony. The sentencing court found that Richardson had been convicted of four violent felonies, all in Illinois: aggravated battery with great bodily harm, aggravated kidnapping, aggravated battery in a public place, and aggravated battery of a peace officer. Richardson appealed his conviction; the Eighth Circuit Court of Appeals affirmed. *United States v. Richardson*, 537 F.3d 951 (8th Cir. 2008), *cert. denied*, 556 U.S. 1239 (2009).

In 2009, Richardson moved to vacate or set aside his conviction under 28 U.S.C. § 2255 in the District of Minnesota. The motion was denied. In 2015, Richardson moved the Eighth Circuit for permission to file a second § 2255 petition in the District of Minnesota challenging his sentence under *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the ACCA's definition of a violent felony was unconstitutionally vague. The Eighth Circuit granted the motion in part, allowing Richardson to challenge the determination that he was an armed career criminal under the ACCA but not the determination that he was a career offender and an armed career criminal under the U.S. Sentencing Guidelines. *Richardson v. United States*, 623 F. App'x 841 (8th Cir. 2015) (per curiam). After Richardson's § 2255 petition was fully briefed, the District of Minnesota denied it because it determined that the aggravated-battery-of-a-peace-officer offense qualified as a violent felony under the ACCA's force clause, and Richardson conceded that the aggravated-battery-resulting-in-great-bodily-harm offense and aggravated-kidnapping offense qualified as violent felonies under the

2

force clause, too. *United States v. Richardson*, No. 16-cv-1735, 2016 WL 6650833 (D. Minn. Nov. 9, 2016).

In his current § 2241 petition, Richardson lists six grounds for relief: (1) the trial court engaged in judicial misconduct when it presented Richardson's indictment to the jury; (2) his sentence is unconstitutional because a jury did not find the facts that the sentencing judge used to increase his sentence; (3) the postconviction court erred in denying his second § 2255 petition; (4) his conviction was unconstitutional because the government did not prove beyond a reasonable doubt each of the elements of the crime; (5) his appellate counsel was ineffective for failing to challenge his sentence under the ACCA; and (6) his trial counsel was ineffective for allowing the court to enhance his sentence using his juvenile convictions. He also cites to *Mathis v. United States*, 136 S. Ct. 2243 (2016), as a "statutory interpretation" case. Dkt. 1, at 16.

ANALYSIS

Although postconviction relief to federal prisoners generally must proceed under § 2255, Richardson brings this challenge under § 2241. A federal prisoner "may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). The Seventh Circuit has established that three conditions must be present before a petitioner can proceed under § 2241 pursuant to the "inadequate or ineffective" exception. First, the

petitioner must be relying on a new statutory-interpretation case—rather than a constitutional case—because § 2255 offers relief to prisoners who rely on new constitutional cases. Second, the petitioner must be relying on a decision that is retroactive on collateral review and that he could not have invoked in his § 2255 petition. Third, the error that the petitioner identifies must be grave enough to be deemed a miscarriage of justice. *Light v. Caraway*, 761 F.3d 809, 812–13 (7th Cir. 2014); *In re Davenport*, 147 F.3d 605, 611–12 (7th Cir. 1998).

Here, Richardson cannot demonstrate that any of his grounds for relief meet all three *Davenport* conditions. He relies—with two exceptions that I'll discuss below—on constitutional cases that were decided before his conviction. *See, e.g.*, *Blakely v. Washington*, 542 U.S. 296 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). These are not statutory interpretation cases, and Richardson could have invoked them in his § 2255 petitions. Richardson does not identify new statutory interpretation cases supporting any of his six grounds for relief, and I can think of none. Because these six grounds do not meet the first two *Davenport* conditions, I need not reach their merits.

Now, I'll address the two exceptions. Richardson cites *Johnson* and *Mathis*, which are both statutory interpretation cases. *Johnson* applies retroactively. *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). But Richardson could have invoked *Johnson* in his second § 2255 petition—in fact, he *did* invoke *Johnson*. *See Richardson*, No. 16-cv-1735, Dkt. 65, at 8 (D. Minn. May 26, 2016). The fact that the District of Minnesota denied Richardson's § 2255 petition challenging his sentence under *Johnson* does not entitle him to file a § 2241 petition here. "Section 2255 is not 'ineffective' just because a court decides adversely to the petitioner." *Harris v. Warden*, 425 F.3d 386, 388 (7th Cir. 2005). So any claim based on *Johnson* does not meet *Davenport*'s second condition.

4

As for *Mathis*, I assume that it applies retroactively. *See Jackson v. Williams*, No. 17-cv-319, 2017 WL 3668850, at *2 (W.D. Wis. Aug. 23, 2017). Richardson states that he "does not claim any citations are retroactive and waives any argument to that fact," Dkt. 1, at 16, but I won't hold him to that. It's unclear whether Richardson could have invoked *Mathis* in his second § 2255 petition: Richardson filed his petition before the Supreme Court decided *Mathis*, but despite that, the District of Minnesota considered *Mathis*. *See Richardson*, 2016 WL 6650833, at *3. Even if I assume that Richardson's *Mathis* claim survives the first two *Davenport* conditions, he plainly cannot satisfy the third condition because he has not identified any error under *Mathis*, let alone a miscarriage of justice.

In *Mathis*, the Court reaffirmed the proper process for determining whether a defendant's prior state-law conviction is a violent felony under the ACCA: the "categorical approach." 136 S. Ct. at 2248. Under the categorical approach, the sentencing court should look to the statutory definition of the offense to see if the elements satisfy the ACCA's definition of a violent felony. Only if the state law "define[s] multiple crimes" by listing "elements in the alternative" should the sentencing court use the "modified categorical approach," which permits a court to look at a "limited class of documents [from the record of a prior conviction] to determine what crime, with what elements, a defendant was convicted of" and then review those elements to see if they satisfy the ACCA's definition. *Id.* at 2249. Challenges under *Mathis*, therefore, focus on whether the sentencing court erroneously applied the modified categorical approach to an indivisible statute, one that lists "various factual means of committing a single element" rather than alternative elements. *Id.* (Were a court to apply the categorical approach to a divisible statute, the criminal defendant would not be prejudiced—the court would determine that the offense does not satisfy the ACCA's definition

5

of a violent felony even though the defendant may have been convicted of elements that do satisfy the ACCA's definition.)

Richardson's *Mathis* challenge is difficult to understand. He cites *Mathis* not as grounds for his petition but within a section titled "statutory authority to present § 2241 habeas corpus petition." Dkt. 1, at 16. Simply citing a statutory interpretation case in a § 2241 petition does not fulfill the *Davenport* conditions; the grounds for relief must actually rest on that statutory interpretation case. But reading Richardson's petition generously, I take him to contend that under *Mathis*, the sentencing court erroneously applied the modified categorical approach when determining that his Illinois conviction for aggravated kidnapping was a violent felony. *See id.* at 16–17 (Petitioner has shown a great miscarriage of justice . . . kidnapping as a prior offense was not considered a crime of violence under [the ACCA] 'force clause' . . . .").

At the time of Richardson's 2000 aggravated kidnapping conviction, Illinois's aggravated kidnapping statute, 720 Ill. Comp. Stat. 5/10-2 (2000), provided that "[a] kidnaper within the definition of paragraph (a) of Section 10-1 is guilty of the offense of aggravated kidnaping when he" takes one of eight specified actions in connection with the kidnapping. Section 10-1(a) defined a kidnapper as one who

> knowingly:
>
> (1) and secretly confines another against his or her will;
>
> (2) by force or threat of imminent force carries another from one place to another with intent secretly to confine that other person against his or her will; or
>
> (3) by deceit or enticement induces another to go from one place to another with intent secretly to confine that other person against his or her will.

The Seventh Circuit has held, post-*Mathis*, that the current version of Section 10-1 (which differs only stylistically from the 2000 version) lists elements in the alternative, allowing the sentencing court to use the modified categorical approach, and that convictions under subsection (2) of Section 10-1 are violent felonies under the ACCA's force clause because they have as an element the use, attempted use, or threatened use of physical force against the person of another. *United States v. Cardena*, 842 F.3d 959, 997–98 (7th Cir. 2016), *petition for cert. filed*, No. 17-5321 (U.S. July 25, 2017). So if the sentencing court used the modified categorical approach when determining that Richardson's aggravated-kidnapping conviction qualified as a violent felony under the ACCA, it did so correctly.

Richardson doesn't challenge his remaining violent-felony convictions under *Mathis*, but even if he did, they would also be without merit. The District of Minnesota determined that *Mathis* required application of the modified categorical approach to Illinois's battery statute, 720 Ill Comp. Stat. 5/12-3(a) (1973), which underlies Richardson's aggravated-battery-of-a-peace-officer, aggravated-batter-with-great-bodily-harm, and aggravated-battery-in-a-public-place convictions. *See Richardson*, 2016 WL 6650833, at *3.

Richardson cannot mount a *Mathis* challenge concerning his convictions because if the sentencing court used the modified categorical approach, it did so correctly. Whether the sentencing court correctly determined that Richardson's convictions qualified as violent felonies under either the categorical approach or the modified categorical approach is a different question governed by earlier cases such as *Shepard v. United States*, 544 U.S. 13 (2006). Richardson could have invoked *Shepard* in his previous § 2255 petitions, so he cannot bring *Shepard* challenges in this petition.

Richardson devotes many pages of his § 2241 petition to arguments concerning acts of juvenile delinquency that may have formed the basis for his ACCA sentencing enhancement. The ACCA defines "violent felony" as including an "act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device." 18 U.S.C. § 924(e)(2)(B). Richardson has not identified a new case interpreting this clause, and I can find none. Because these arguments do not meet the first *Davenport* condition, I do not reach their merits.

Richardson cannot proceed under § 2241 because he has not demonstrated that the remedy under § 2255 is inadequate or ineffective, so I will deny his petition for a writ of habeas corpus and dismiss this case.

ORDER

IT IS ORDERED that:

1. Carl Lee Richardson's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED, and this case is DISMISSED.

2. The clerk of court is directed to enter judgment in favor of respondent Louis Williams, II, and close this case.

Entered October 31, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge